IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01039-BNB

RUDOLPH MARTIN CHAVEZ,

    Applicant,

v.

WARDEN: TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## **SECOND** ORDER TO FILE PRE-ANSWER RESPONSE

On April 29, 2012, Respondents were ordered to file within twenty-one days a Pre-Answer Response to the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed on April 18, 2012, in this action. An acceptance of service (ECF No. 7) was filed on May 1, 2012. An acknowledgment of receipt (ECF No. 9) of the April 29 order was filed on May 3, 2012. However, Respondents have failed either to submit the requested Pre-Answer Response or to communicate with the Court as to why they are unable to comply with the April 29 order within the time allowed.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed on April 18 in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court again directs Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of

state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within fifteen (15) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED May 22, 2012, at Denver, Colorado.

3

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge