IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01039-BNB

RUDOLPH MARTIN CHAVEZ,

    Applicant,

v.

WARDEN TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Rudolph Martin Chavez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. On April 18, 2012, Mr. Chavez filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in El Paso County District Court Case No. 02CR2009. ECF No. 1 is an example of the convention the Court will use throughout this order to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). Mr. Chavez has paid the $5.00 filing fee in a habeas corpus action.

    On April 29, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 11, 2012, after being granted an extension of time,

Respondents submitted their pre-answer response (ECF No. 13). On June 28, 2012, Mr. Chavez filed a reply (ECF No. 14) to the pre-answer response in combination with two motions. On July 19, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file an amended pre-answer response that cured deficiencies in the pre-answer response. On August 13, 2012, after being granted an extension of time, Respondents submitted their amended pre-answer response (ECF No. 19).

The Court must construe Mr. Chavez's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Chavez was convicted by a jury on January 24, 2003, in El Paso County District Court Case No. 02CR2009 on two counts of aggravated robbery, two counts of theft, and seven counts of menacing. ECF No. 19 (amended pre-answer response), ex. B (answer brief) at 5. On March 31, 2003, the trial court sentenced Mr. Chavez to consecutive fifteen-year sentences in the DOC for each of the two robberies, the remaining sentences to be served concurrently. *Id.*

On August 4, 2005, the Colorado Court of Appeals affirmed his convictions on direct appeal. ECF No. 19, ex. D (*People v. Chavez*, No. 03CA1341 (Colo. Ct. App. Aug. 4, 2005) (unpublished)). On November 28, 2005, the Colorado Supreme Court denied certiorari review. ECF No. 19, ex. F.

On April 3, 2006, Mr. Chavez filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure with the trial court.

ECF No. 19, ex. U (state court register of actions) at 20.  On May 19, 2006, he sent a letter to the trial court requesting the appointment of counsel.  *Id.*  The trial court treated the letter as a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c) and mailed a form for Mr. Chavez's use in preparing a proper motion.  *Id.*  On August 4, 2006, Mr. Chavez filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c) claiming ineffective assistance of counsel.  *Id.*; *see also* ECF No. 19, ex. J at 19-20.  On March 13, 2007, the trial court denied the Rule 35(c) motion.  ECF No. 19, ex. U at 20; *see also* ECF No. 19, ex. J at 19-20.  On March 29, 2007, the trial court denied the motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b).  ECF No. 19, ex. U at 19-20.

In April 2007, Mr. Chavez appealed from the denial of his postconviction motions, ECF No. 19, ex. U at 19, but limited his appellate challenge to the denial of his Colo. R. Crim. P. 35(c) motion.  *See* ECF No. 19, ex. H (opening appeal brief in No. 07CA755).  On August 28, 2008, the Colorado Court of Appeals affirmed.  ECF No. 19, ex. K (*People v. Chavez*, No. 07CA0755 (Colo. Ct. App. Aug. 28, 2008) (not published)).  On December 2, 2008, the Colorado Supreme Court denied certiorari review.  ECF No. 19, ex. M.

On June 25, 2009, Mr. Chavez filed a second Colo. R. Crim. P. 35(c) postconviction motion.  ECF No. 19, ex. U at 18.  On the same day, he also filed a motion asserting justifiable excuse or excusable neglect for the late filing of the postconviction motion and a motion for recusal of the trial judge from consideration of the postconviction motion.  *Id.*  On July 2, 2009, the trial court issued an order denying the three motions and specifically denying the postconviction motion as time-barred.

ECF No. 19, ex. T.  On appeal, the Colorado Court of Appeals affirmed the denial of the postconviction motion as time-barred, further noting that the motion was successive. ECF No. 19, ex. P (*People v. Chavez*, No. 09CA1562 (Colo. Ct. App. Dec. 16, 2010) (not published)).  Certiorari review was denied on March 28, 2011.  ECF No. 19, ex. R. On April 18, 2012, Mr. Chavez filed the instant habeas corpus application.  He asserts three claims:

> (1) That his right to confrontation was violated when, during the cross-examination of witness, Ann Marie Easley, the trial court sustained an objection by Ms. Easley's counsel when Mr. Chavez's counsel questioned Ms. Easley about pending charges against her.  He contends that the court improperly held the witness's interest in a pending proceeding to be paramount to his right to confrontation.  He also contends the trial court improperly sustained an objection from a nonparty when the prosecutor could have made the objection, the witness could have invoked her Fifth Amendment right, or her counsel could have sought immunity for the witness from the prosecution.
>
> (2) That his rights to effective assistance of counsel, equal protection, and due process were violated because his counsel was gravely ill with cancer and undergoing medical treatment and medication at the time of trial.  Consequently, counsel's representation was inconsistent with the required standards of care.  Further, although counsel was going to, she failed to file a motion for a DNA test of evidence used to convict him.
>
> (3) His rights to due process and equal protection were violated because defense counsel failed to obtain DNA testing of a hat and shirt abandoned by the perpetrator of the crime at one of the crime scenes because such DNA evidence would have exonerated him.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application

>           for a writ of habeas corpus by a person in custody pursuant
>           to the judgment of a State court.  The limitation period shall
>           run from the latest of–
>
>> (A)  the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>>
>> (D)  the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
>       (2)  The time during which a properly filed application for
>       State post-conviction or other collateral review with respect
>       to the pertinent judgment or claim is pending shall not be
>       counted toward any period of limitation under this
>       subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Chavez's criminal case became final. The Colorado Supreme Court denied certiorari review in Mr. Chavez's direct appeal of his criminal conviction on November 28, 2005. Mr. Chavez did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety

days later, on February 26, 2006, although the one-year limitation was continued until the next business day, or Monday, February 27, 2006, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitations period for purposes of § 2244(d) began to run on the next day, February 28, 2006, unless Mr. Chavez filed a state postconviction motion that tolled the statute. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitations period commences the day after expiration of the time for seeking review).

The Court next must determine whether Mr. Chavez's state court postconviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 34 days from February 28, 2006, when Mr. Chavez's conviction became final, until April 3, 2006, when Mr. Chavez filed his Colo. R. Crim. P. 35(b) motion, which the trial court denied on March 29, 2007. During the time

the Colo. R. Crim. P. 35(b) motion was pending, Mr. Chavez's first Colo. R. Crim. P. 35(c) motion was pending, as well. A total of 205 days elapsed from December 2, 2008, when the state supreme court denied certiorari review of the Colo. R. Crim. P. 35(b) and (c) postconviction motions, until June 25, 2009, when Mr. Chavez filed his second Colo. R. Crim. P. 35(c) motion.

However, it appears that the second Colo. R. Crim. P. 35(c) motion did not toll the limitations period because it was not a "properly filed" application for state postconviction or other collateral review. 28 U.S.C. § 2244(d)(2). As previously stated, the trial court found, and the Colorado Supreme Court agreed, that Mr. Chavez's second Rule 35(c) motion was time-barred. ECF No. 19, ex. T at 2-3; ex. P at 3-5.

An application for postconviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). The second Colo. R. Crim. P. 35(c) motion could not have tolled the one-year limitation period under § 2244(d)(2) because that motion was untimely. *See id.*; *see also Sandles v. Denver Downtown Correctional Facility*, No. 10-cv-01386-BNB, 2010 WL 3730346, at *4 (D. Colo. Sept. 16, 2010) (not published) (citing *Habteselassie* for the proposition that an

untimely postconviction motion will not toll the one-year limitation period). As a result, 1,233 days elapsed between December 2, 2008, when the state supreme court denied certiorari review of the Colo. R. Crim. P. 35(b) and (c) motions, and April 18, 2012, when Mr. Chavez filed the instant application with this Court. The second Colo. R. Crim. P. 35(c) motion Mr. Chavez filed on June 25, 2009, whose dismissal the Colorado Court of Appeals affirmed on December 16, 2010, failed to toll the one-year limitations period because it was not properly filed. Therefore, 1,472 (34 + 205 + 1,233) days elapsed by the time Mr. Chavez initiated the instant action. As a result, the instant action was filed after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Chavez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same

fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  See *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

In the reply, Mr. Chavez contends he is actually innocent.  In support of this contention, he claims to submit new evidence in the form of documents contained in an attached exhibit B.  ECF No. 14 at 10.  The documents are a motion titled "Defendant's Motion to Dismiss for People's Violation of Discovery Rules and Abridgement of His Sixth Amendment Right to Counsel" with attachments filed on November 27, 2002, in Mr. Chavez's state criminal case, *id.* at 22-28, and part of a motion titled "Discovery Motion," filed on August 28, 2002, also in Mr. Chavez's criminal case. *Id.* at 29-31.  Clearly these documents are not new evidence, but rather recycled motions from No. 02CR2009, Mr. Chavez's state criminal case.  Such motions do not provide "new

reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. As a result, Mr. Chavez fails to assert any basis for equitable tolling. Therefore, under § 2244(d), Mr. Chavez is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing the issue of exhaustion of state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Chavez files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of      January         , 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court